# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENRY T. VALENTINE,**

        **Plaintiff,**

**v.**                                 **Civil Action No. 2:04CV79**
                                       **(The Honorable Robert E. Maxwell)**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On October 19, 2004, Henry Valentine ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to the undersigned United States Magistrate Judge, who on January 5, 2006, issued a Report and Recommendation recommending that the case be remanded to the Commissioner for further proceedings [Docket Entry 16]. On January 23, 2006, the District Court filed its "Order" adopting the undersigned Magistrate Judge's Report and Recommendation [Docket Entry 17].

On April 13, 2006, Plaintiff filed a "Motion for Attorney Fees" seeking attorney's fees in the amount of $2,049.84, representing 13.25 hours of work by Plaintiff's counsel, Brock M. Malcolm [Docket Entry 19]. Defendant filed a "Brief in Opposition to Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act" on April 20, 2006 [Docket Entry 22]. Plaintiff filed a "Response to Defendant's Memorandum" on April 27, 2006 [Docket Entry 24]. This matter was referred to the undersigned United States Magistrate Judge for resolution by United States District Judge Robert E. Maxwell by Order dated April 25, 2006 [Docket Entry 23].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is

the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee on the basis that her position was substantially justified. Plaintiff argues the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n. v. Hudson*, 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce*, 487 U.S. at 562-63, 108 S.Ct. 2541.

*Id.* at 244-245.

In the case at bar, Plaintiff argued among others, that the ALJ erred by failing to include all Plaintiff's actual impairments and limitations in his RFC finding and hypothetical. Specifically,

Plaintiff contended the ALJ failed to incorporate Plaintiff's mental limitations in the areas of "attention, concentration, and memory" and hearing limitations. Defendant contended the ALJ's hypothetical question accurately set forth the limitations resulting from Plaintiff's impairments.

The ALJ did find Plaintiff had severe impairments. To be severe, an impairment must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs," and include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, coworkers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). As to Plaintiff's severe impairments, the ALJ found as follows: "The medical evidence indicates that the claimant has a seizure disorder, PTSD, borderline intellectual functioning, **loss of hearing in his right ear** and osteoarthritis, including his alleged back pain, impairments that are severe within the meaning of the regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4" (R. 25). The ALJ therefore found Plaintiff's right ear deafness "significantly limit[ed] the claimant's physical or mental ability to do basic work activities." Yet he did not discuss this impairment in his RFC, nor did he mention it in his hypothetical to the VE.

In addition, the ALJ, within his decision, opined that Plaintiff "may have a **marked limitation in his maintaining concentration, persistence or pace,**" although he subsequently found only a **"'Moderate' level of limitation" in maintaining concentration, persistence or pace.**(Emphasis added).

Based on these, and other, considerations, the ALJ found Plaintiff had the following RFC:

> I find the claimant can perform sedentary work, which entails walking no more than one hour at a time with no more that [sic] four hours total of walking in an eight-hour workday. Employment cannot require the claimant to climb. Occasionally stooping, crawling, balancing, kneeling and crouching may be required. Pushing or pulling with his legs cannot be required. Work should not be exposed [sic] the claimant to temperature extremes, unprotected heights or dangerous machinery. The claimant should perform only entry level, low stress jobs that do not involve repeated requests to provide information (R. 26).

The ALJ clearly did not include Plaintiff's severe impairment of deafness in the right ear in his RFC.

Based on that RFC, the ALJ asked the following hypothetical questions of the VE:

> ALJ:   . . . assume a hypothetical individual the Claimant's age, education, and work record. Assume this person is restricted to a light range of work, but the light range of work is degraded by a restriction in walking or standing no more than an hour at a time and no more than four hours total in a day. He can lift the light range of workload which would be 20 occasionally and ten pounds frequently. If a person is precluded from climbing, occasional stooping, crawling, crouching. No pushing with the lower extremities. No temperature extremes. No unprotected height, no dangerous machinery. A person was restricted to entry-level work, so low stress work, which in this case I'm finding is work which does not require the person to have to respond to repeated requests for information from anybody. Doesn't preclude all contact with the public or fellow employees, just can't be pressured constantly to give information out. Is there work in the national or regional economies that a person could perform?
>
>                                      . . .
>
> ALJ:   . . . Hypothetical two, let's assume a hypothetical individual who's restricted to a sedentary range of work. Is there work in the – with the same restrictions in the one above is there work in the national or regional economy such a person could perform? (R. 570-71).

The Fourth Circuit has held, in <u>English v. Shalala</u>, 10 F.3d 1080, 1085 (1993), that when "questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of **all relevant evidence of record on the claimant's impairment**" (citing <u>Walker v. Bowen</u>, 876 F.2d 1097, 1100

(4th Cir. 1989) (Emphasis added). The reviewing court shall consider whether the hypothetical question "could be viewed as presenting those impairments the claimant alleges." <u>English v. Shalala</u>, 10 F.3d 1080, 1085 (4th Cir. 1993). As alleged by Plaintiff, the ALJ included some impairments and limitations in his RFC of Plaintiff and hypothetical to the VE, but did not include Plaintiff's moderate (or marked) level of limitation in maintaining concentration, persistence or pace and Plaintiff's severe impairment of deafness of the right ear.

If the ALJ poses a hypothetical question that accurately reflects **all of the claimant's limitations**, the VE's response thereto is binding on the Commissioner. <u>Edwards v. Bowen</u>, 672 F. Supp. 230, 235 (E.D.N.C. 1987) (emphasis added). The Fourth Circuit has long held that "[h]ypothetical questions asked of vocational expert in disability case were not proper where they did not ensure that the expert knew what claimant's abilities and limitations were. <u>Walker v. Bowen</u>, 889 F.2d 47 (1989). The undersigned in his Report and Recommendation found the VE could not have considered Plaintiff's limitation in maintaining concentration, persistence, or pace or Plaintiff's severe impairment of right hearing loss in formulating a response to the ALJ's hypothetical questions because the ALJ did not include them in his hypotheticals.

The undersigned notes that even the ALJ himself found Plaintiff's limitation of right ear deafness and moderately or markedly limited concentration persistence and pace were supported by the record. Fourth Circuit law has long required the ALJ to include all Plaintiff's limitations that are supported by the record in his hypothetical to the VE. Although the ALJ's omission of Plaintiff's severe impairments from his RFC and hypothetical may have been simply a mistake, the result is that he did not follow established Fourth Circuit law. The Commissioner has the burden of proving her position was substantially justified in law and fact. The undersigned finds she has not met that burden under the facts of this case.

For all the above reasons the undersigned finds the position of the Defendant in this case was not substantially justified.

There is no dispute that Plaintiff is a "prevailing party," and there is no allegation that "special circumstances make an award unjust" or that Plaintiff's petition was not timely filed. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The award of attorneys' fees is therefore mandatory. EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994).

Attorney fees and expenses under the EAJA must be reasonable. See U.S.C. §§ 2412(d)(2)(A). Counsel has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from the fee petition. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. See 28 U.S.C. § 2412(b); Pierce v. Underwood, 487 U.S. 552 (1988) (cited in May v. Sullivan, 936 F.2d 177 (4th Cir. 1991). The Commissioner here does not dispute the amount of fees charged by counsel. A brief review review of Plaintiff's Petition does not show them to be unreasonable. The undersigned therefore finds the fee requested for representation of Plaintiff before the court in this matter is not excessive and recommends Plaintiff be awarded $2,049.84 for time spent litigating this claim before the Court.

Plaintiff next requests an additional $593.16 in fees for four hours spent litigating the EAJA fee. The undersigned first notes that the United States Supreme Court has found that hours expended litigating EAJA fee petitions are recoverable. See INS v. Jean, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Moreover, the Supreme Court states that "[a] request for attorney's fees should not result in a second major litigation." Id. at 437, S. Ct. at 1941.

The undersigned also notes the "specific purpose of the EAJA is to eliminate for the average

person the financial disincentive to challenge unreasonable governmental actions." Sullivan v. Hudson, 490 U.S. at 883, S. Ct. at 2253, 104 L. Ed. 2d 941 (1989). The undersigned believes this specific purpose continues on during the resolution of attorney fees. Challenging the claim of fees is another disincentive to attorneys even taking on these cases.

Plaintiff cites this Court's Orders in Radcliff v. Barnhart, Civil Action No. 1:02CV58 and Junkins v. Barnhart, Civil Action No. 1:03CV273 in support of his amended motion. In Radcliff the undersigned recommended and the Court ordered additional fees for two hours work and in Junkins for three hours work expended litigating the EAJA fees. In Radcliff the sole issue was the number of hours expended by counsel. In Junkins both the number of hours and substantial justification were argued. The present case falls somewhere in between. The Commissioner argued substantial justification but did not contend either the amount of hours or counsel's claimed hourly fee was excessive. In a somewhat unscientific method, the undersigned therefore splits the difference and finds 2 ½ hours is a reasonable amount of time for the EAJA fee litigation in this case. At an hourly rate of $148.29, this amounts to an additional $370.73.

In total, the undersigned finds Plaintiff should be compensated for $2,420.57.

## RECOMMENDATION

For all the above reasons, the undersigned recommends Plaintiff's counsel be compensated in the amount of $2,420.57.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States

District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 11th day of August, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE